UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. LIVINGSTON,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,<br><br>Respondent. | No. 2:20-cv-0047 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

**I.     Introduction**

Petitioner Livingston is a state prisoner incarcerated at Mule Creek State Prison, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se and in forma pauperis with this habeas corpus action filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Petitioner pursues two claims for relief: (1) ineffective assistance of trial counsel for failing to pursue a diminished capacity defense, and (2) lack of substantial evidence to support a special circumstances finding. Id. at 6, 22.

Presently pending is respondent's motion to dismiss this action on the ground it was commenced beyond the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). ECF Nos. 12-3. Petitioner opposes the motion on the ground he is entitled to equitable tolling based on his alleged mental incompetence.

////

1

ECF No. 20.  Respondent's reply addresses petitioner's claim of mental incompetence.  ECF Nos. 23-4.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the following reasons, the undersigned recommends that respondent's motion to dismiss be granted.

**II.    Timeliness of the Petition**

**A.    Statute of Limitations**

AEDPA's one-year statute of limitations provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).  "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed petition is considered "pending" under Section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting

Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule."  Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

### B.     Procedural Background

The following dates and record facts are pertinent to the court's timeliness analysis:

- On October 10, 1996, in the Sacramento County Superior Court, petitioner Don C. Livingston was convicted by a jury of first-degree murder with a special circumstance finding that the killing occurred during the commission or attempted commission of a rape.  On November 8, 1996, petitioner was sentenced to a prison term of life without the possibility of parole.  See Lodged Document (Lodg. Doc.) 1.

- The California Court of Appeal, Third Appellate District, affirmed petitioner's conviction by order filed February 25, 1999.  Lodg. Doc. 2.

- Petitioner filed a petition for review in the California Supreme Court on March 31, 1999, which was summarily denied on May 26, 1999.  Lodg. Docs. 3, 4.

- Petitioner filed pro se seven post-conviction state collateral challenges.[1]

- First petition for writ of habeas corpus was filed in the Sacramento County Superior Court on May 25, 2000, and denied on July 25, 2000.  Lodg. Docs. 5, 6.

- Second petition for writ of habeas corpus was filed in the Sacramento County Superior Court on December 3, 2004, and denied on January 20, 2005.[2]

- Third petition for writ of habeas corpus was filed in the Sacramento County Superior Court on April 12, 2010, and denied on June 7, 2010.  Lodg. Docs. 7, 8.

---

[1] When available and where applicable, petitioner's filing dates referenced herein reflect the prison mailbox rule, which deems a document served or filed on the date it was signed by the prisoner and given to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

[2] Respondent states that "[a]s of the filing of this motion, Respondent has not yet received a copy of the second state habeas petition filed in the superior court.  Therefore, Respondent is unable to apply the mailbox rule" or provide a copy of the petition.  ECF No. 12 at 2 n.3.  These matters are not required by the court to address the merits of respondent's motion to dismiss or plaintiff's claim of entitlement to equitable tolling.

3

1         • Fourth petition for writ of habeas corpus was filed in the Sacramento County Superior
2 Court on September 7, 2018, and denied on October 22, 2018.  Lodg. Docs. 9, 10.
3         • Fifth petition for writ of habeas corpus was filed in the Sacramento County Superior
4 Court on February 19, 2019, and denied on April 17, 2019.  Lodg. Docs. 11, 12.
5         • Sixth petition for writ of habeas corpus was filed in the California Court of Appeal,
6 Third Appellate District, on May 16, 2019, and summarily denied on May 24, 2019.  Lodg. Docs.
7 13, 14.
8         • Seventh petition for writ of habeas corpus was filed in the California Supreme Court on
9 July 29, 2019, and denied on November 13, 2019, citing In re Robbins, 18 Cal. 4th 770, 780
10 (1998) for the principle that "courts will not entertain habeas corpus claims that are untimely."
11 Lodg. Docs. 15, 16.
12        • Petitioner filed the instant federal petition on December 30, 2019.  ECF No. 1.
13        **C.      Analysis**
14    Following the California Supreme Court's denial of direct review on May 26, 1999,
15 petitioner had ninety days, or until August 24, 1999, to file a petition for writ of certiorari in the
16 United States Supreme Court.  See Rule 13, Supreme Court Rules; Bowen v. Roe, 188 F.3d 1157,
17 1158-59 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes
18 the period within which a petitioner can file a petition for a writ of certiorari from the United
19 States Supreme Court, whether or not the petitioner actually files such a petition.").  Because
20 petitioner did not file a petition for writ of certiorari, his conviction became final on August 24,
21 1999.
22    Under AEDPA, in the absence of statutory or equitable tolling, petitioner had a period of
23 one year from August 25, 1999 to commence a federal habeas action.  See Patterson v. Stewart,
24 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of
25 period for seeking direct review, by application of Fed. R. Civ. P. 6(a)).  This one-year period
26 expired on August 24, 2000.
27    This limitations period was statutorily tolled during the pendency of petitioner's first state
28 habeas petition, from May 25, 2000 through July 25, 2000, a period of sixty-one (61) days.  See

1  Pace, 544 U.S. at 410 (the limitation period is tolled while "a properly filed application for state
2  post-conviction or other collateral review with respect to the pertinent judgment or claim is
3  pending"). This period extended the end of the limitations period from August 24, 2000 to
4  October 25, 2000. All of petitioner's subsequent state petitions were filed after expiration of this
5  extended limitations deadline and therefore did not statutorily toll the limitations period. See
6  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the
7  reinitiation of the limitations period that has ended before the state petition was filed"); see also
8  Pace, 544 U.S. at 410 (a state petition that is untimely is not "properly filed" and has no tolling
9  effect). As a result, the federal limitations period, with statutory tolling, expired on October 25,
10 2000.
11     Accordingly, unless petitioner can make a sufficient showing that he is entitled to
12 equitable tolling based on his alleged mental incompetence, this action must be dismissed as
13 untimely because filed more than nineteen years after expiration of AEDPA's statute of
14 limitations. The court next addresses petitioner's argument he is entitled to equitable tolling.

15     **III.    Equitable Tolling Due to Mental Incompetence**

16     In opposition to respondent's motion to dismiss, petitioner contends that his alleged
17 mental incompetence supports equitable tolling of AEDPA's limitations period and requires an
18 evidentiary hearing to further develop the record before this court rules on the matter. ECF No.
19 20. Respondent argues that petitioner's equitable tolling claim is too general and conclusory to
20 support further inquiry and, in any case, is unsupported by petitioner's prison housing and mental
21 health records. ECF No. 23.

22     **A.    Legal Standards**

23     Entitlement to equitable tolling requires a showing that petitioner pursued his rights
24 diligently but some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418.
25 Equitable tolling is appropriate only if " 'extraordinary circumstances beyond a prisoner's
26 control make it impossible to file a petition on time.' " Laws v. Lamarque, 351 F.3d 919, 922
27 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). Petitioner bears
28 ////

1   the burden of demonstrating entitlement to equitable tolling. Miranda v. Castro, 292 F.3d 1063,
2   1065 (9th Cir. 2002).
3       "A petitioner seeking equitable tolling on the grounds of mental incompetence must show
4   extraordinary circumstances, such as an inability to rationally or factually personally understand
5   the need to timely file, or a mental state rendering an inability personally to prepare a habeas
6   petition and effectuate its filing." Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015) (citing Bills
7   v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010)). "[T]he petitioner must [also] show
8   diligence in pursuing the claims to the extent he could understand them, but that the mental
9   impairment made it impossible to meet the filing deadline under the totality of the circumstances,
10  including reasonably available access to assistance." Bills, 628 F.3d at 1100. "Where the record
11  is amply developed, and where it indicates that the petitioner's mental incompetence was not so
12  severe as to cause the untimely filing of his habeas petition, a district court is not obligated to
13  hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's
14  allegations of mental incompetence." Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010)
15  (cited with approval in Orthel, 795 F.3d at 939-40).

16      **B.   The Parties' Arguments**

17     Petitioner initially alleged entitlement to equitable tolling in his petition, by responding to
18  a form question concerning timeliness as follows:

19          Bills v. Clark (9th Cir. 2011) 628 F.3d [sic] mental impairment that
        interfered with petitioner's ability to understand deadlines or prepare
20          and file. (Please see Exhibit 1) [sic]

21  ECF No. 1 at 33 (with minor corrections). Exhibit 1 is petitioner's argument in support of his
22  diminished capacity claim, which he has labeled his "defense case." Id. at 11-9. Petitioner states
23  therein that Dr. Jeffrey Miller, a licensed criminal psychologist, on an undisclosed date, found
24  that petitioner's IQ scores ranged from 76 to 83. Id. at 11. Dr. Miller noted that petitioner, as a
25  young student, scored a 93 IQ and was then suspected to be hyperactive with Attention Deficit
26  Disorder (ADD) and possible neurological dysfunction. Id. at 12. Dr. Miller opined that
27  plaintiff's mental capacity had deteriorated over time, consistent with an individual acting
28  impulsively without recognizing the consequences of his acts. Id.

In opposition to respondent's motion to dismiss, petitioner references the alleged failure of his trial counsel to pursue a diminished capacity defense in support of his contention that "equitable tolling was not available to petitioner whose failure to file the federal habeas petition on time arose from the court's failure to see petitioner has diminished capacity." ECF No. 20 at 2. He asks, "[h]ow can the court expect petitioner all of a sudden to understand equitable tolling?" Id. Petitioner asserts that he "has a long list of being in [] mental hospitals [where his] mental competency was never questioned" [sic] and while in prison he "has been part of EOP and [an] ADA participant." Id. Moreover, "throughout his entire prison term [other] inmates [have been] helping [him] with his legal papers[.]" Id.

Respondent replies that "[p]etitioner makes a conclusory allegation that he suffers from a mental illness, but fails to detail the exact nature of his alleged mental illness, the precise time period he suffered from any impairments, and how they prevented him from sooner challenging his conviction. Instead, he presents his claim in generalized terms. His claim for equitable tolling is deficient because he does not identify facts that show any mental impairment caused his delay." ECF No. 23 at 3. Respondent further asserts that "[p]etitioner's health records do not suggest he is entitled to an equitable remedy." Id. More specifically, respondent argues:

> Petitioner does not show, nor do his health records suggest, that he suffered from a severe mental impairment during the year that the limitation period ran (from August 1999 to October 2000). Rather, Petitioner's records show that Petitioner was housed in general population and was not in the prison mental health treatment program from 1997 to October 2000, around the time the limitation period expired. (Attachment 1 [list of petitioner's housing and mental health placements from 1996 to the present]). When Petitioner did receive mental health treatment, he was placed in the Correctional Clinical Case Management System (CCCMS). (See Lod. Doc. 17 [petitioner's prison health/mental health records.).[3]  The records indicate that he participated as an outpatient in CCCMS, and he was usually housed in the general prison population.

ECF No. 23 at 3.

////

---

[3] Respondent submitted these extensive records (totaling more than 800 pages) to this court "in the order they were received from the prison," viz., not in a consistently chronological order. See ECF No. 23 at 3 n.1.

Finally, respondent argues that petitioner has not demonstrated how he was diligent in attempting to pursue his habeas claims notwithstanding his alleged mental incompetence.

### C. Analysis

To qualify for equitable tolling, petitioner must demonstrate that his alleged mental incompetence made it impossible for him to file the petition for the entire nineteen-year period commencing on or before October 25, 2000 (when the extended statutory limitations period expired) through December 30, 2019 (when petitioner filed the instant petition).

This inquiry necessarily commences with the period from July 25, 2000 (the date petitioner's first state habeas petition was denied and conclusion of statutory tolling) through October 25, 2000 (the date the extended limitations period expired). Petitioner was then housed within the General Population (GP), without receiving specialized mental health services. See ECF No. 23-1 at 1-3 (Reply, Attachment 1). Although petitioner was transferred to the Correctional Clinical Case Management System (CCCMS) on December 20, 2000, where he received enhanced mental health services, this occurred nearly two months after expiration of the limitations period. Id.[4] Moreover, the services provided by CCCMS are directed to inmates who exhibit stable functioning within the general population.[5]

---

[4] Petitioner was initially housed in CCCMS when he entered CDCR, for a period of four months (November 1996 to February 1997). See ECF No. 23-1 at 1-3 (Reply, Attachment 1). From February 28, 1997 until December 20, 2000, petitioner was housed in GP. Petitioner was transferred back to CCCMS on December 20, 2000, where he remained until August 27, 2013, when he was transferred back to GP. He remained housed in GP until May 5, 2015, when he was returned to CCCMS. Petitioner received CCCMS services until March 20, 2018, when he was again transferred to GP. Petitioner remained a GP inmate until February 26, 2019, when was again transferred to CCCMS; he remained at CCCMS until February 12, 2020, when he was again transferred to GP, where he appears to remain at this time. Id.

[5] As set forth in CDCR's most recent Program Guide Overview of its Mental Health Services Delivery System (MHSDS), and as provided by respondent, CCCMS is designed for inmates whose mental condition meets the following criteria:

> • Stable functioning in the general population, Administrative Segregation Unit (ASU) or Security Housing Unit (SHU); and
> • Criteria not met for higher levels of care; and
> • Exhibits symptom control, or is in partial remission as a result of treatment.
> • These conditions usually result in Global Assessment of Functioning (GAF) scores of 50 and above.
> • CCCMS . . . provide[s] care, monitoring and follow-up services to

In contrast, the Enhanced Outpatient Program (EOP), which petitioner states he "has been part," ECF No. 20 at 2, supports inmates with "acute onset or significant decompensation of a serious mental disorder" and "inability to function in General Population."[6] However, the record of petitioner's prison housing and mental health placements does not reflect that he ever received EOP services. See ECF No. 23-1 at 1-3 (Reply, Attachment 1). "'[A] petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced.'" Roberts, 627 F.3d at 773 (quoting Laws, 351 F.3d at 924).

Petitioner's GP placement throughout the period when the statute of limitations expired, without evidence that he was receiving enhanced mental health services, indicates that petitioner was unencumbered by a significant mental impairment at that time. Petitioner's 800-page medical record appears to include only two mental health records for the year 2000, neither of which reflect that petitioner had a disabling mental impairment at that time.[7] See Lod. Doc. 17. Petitioner's additional statements that he is an "ADA [Americans with Disabilities Act] participant," ECF No. 20 at 2, has Attention Deficit Disorder (ADD) and lower-than-average IQ, ECF No. 1 at 11-2, lack specificity and supporting documentation, both in general and for the

---

> inmate-patients whose condition is relatively stable and whose symptoms are largely controlled. . . . While mentally disordered, these inmate-patients can function in the general population and do not require a clinically structured, therapeutic environment.

ECF No. 23-2 at 2 (Reply, Attachment 2) (MHSDS Program Guide Overview, Chapter One, p. 12-1-7); also at https://cchcs.ca.gov/wp-content/uploads/sites/60/MH/MH-Program-Guide.pdf "We may take judicial notice of a record of a state agency not subject to reasonable dispute." City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004); see also Fed R. Evid. 201.
[6] See ECF No. 23-2 at 2 (Reply, Attachment 2) (MHSDS Program Guide Overview, Chapter One, p. 12-1-7); also at https://cchcs.ca.gov/wp-content/uploads/sites/60/MH/MH-Program-Guide.pdf (see n.5, supra).
[7] On March 16, 2000, while housed in GP, petitioner completed a voluntary ten-week anger management course for which he received an "excellent" commendation for his participation and attitude addressing "issues of anger management, communication skills, remorse, and gaining insight." Lodg. Doc. 17 (ECF No. 24-1 at 119-20). On December 15, 2000, in support of petitioner's transfer from GP to CCCMS, the reporting clinician determined that petitioner, who was prescribed psychotropic medication, had a Global Assessment of Functioning (GAF) of 60. Lodg. Doc. 17 (ECF No. 24-1 at 117-18). At that time, the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM) described a GAF of 60 as reflective of "Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." DSM-IV (4th ed. 1994) at 32.

relevant period. Petitioner's statement that he relies on other prisoners to prepare his legal papers, ECF No. 20 at 2, also fails to support a finding of mental incompetence because it is a common practice for prisoners to rely on the assistance of other prisoners to pursue their legal claims.

In addition, the fact that petitioner filed multiple state habeas petitions between 2004 and 2019, during the period for which he seeks equitable tolling, indicates that he remained capable of pursuing his legal claims, even while housed in CCCMS and whether or not he depended on the assistance of other prisoners. See Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) ("[I]t cannot be that his mental impairment was so severe as to be the but-for cause of his delay" because, inter alia, petitioner "was able to file a state habeas petition in three different California venues . . . refut[ing] a claim of impairment so debilitating that one could not 'rationally or factually' understand the meaning of a deadline."); accord, Gaston v. Palmer, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming district court's rejection of equitable tolling based on mental impairment on the ground that petitioner had filed state court petitions during the federal limitations period) (cited with approval in Roberts, 627 F.3d at 773); see also Bills, 628 F.3d at 1100 (a petitioner's diligence includes "seeking assistance with what he could not do alone").

Petitioner's pursuit of multiple state petitions during the relevant period undermines his argument that his alleged mental incompetence stood in the way of timely filing his federal petition, Holland, 560 U.S. at 649, and instead indicates lack of diligence in pursuing federal relief. "The petitioner . . . always remains accountable for diligence in pursuing his or her rights." Bills, 628 F.3d at 1100.

For these reasons, the court finds that petitioner has failed to present evidence supporting a reasonable inference that his alleged mental incompetence was an extraordinary circumstance beyond his control that made it impossible for him to timely prepare and file his federal petition. See Laws, 351 F.3d at 922; Pace, 544 U.S. at 418. Further, petitioner has not made "a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing." Bills, 628 F.3d at 1100. Because petitioner has failed to demonstrate entitlement to equitable tolling based on his alleged mental incompetence, the

////

undersigned finds that the instant federal petition was untimely filed under AEDPA's statute of limitations and should therefore be dismissed.

### IV. Plain English Summary for Pro Se Plaintiff

The magistrate judge is recommending that the motion to dismiss be granted, because you filed your federal habeas petition more than 19 years too late. You can't get equitable tolling because you haven't shown that mental incompetence kept you from filing a federal petition by the deadline, and until now. Having a diagnosis or receiving mental health treatment isn't enough to show incompetence. Because your prison records are inconsistent with true incompetence, there is no need for an evidentiary hearing. Also, the fact that you filed petitions in state court shows that you were capable of filing documents in court.

### V. Conclusion

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 12, be GRANTED; and

2. This action be dismissed with prejudice because untimely filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the

////

////

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: December 1, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE